FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 AUG 29 PM 1:56
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHRISTOPHER MICHAEL BING, )
)
Petitioner, )
)
v. ) CASE NOS. CV415-002
) CR412-084
UNITED STATES OF AMERICA, )
)
Respondent. )

# ORDER

Before the Court is Petitioner Christopher Michael Bing's Motion for Relief from Judgment Pursuant to Rule 60(b). (Doc. 19.)[1] In his motion, Petitioner asserts that the Government perpetuated fraud on the Court at his sentencing and that his sentencing was "fundamentally flawed as a result." (Id. at 1.) Petitioner contends that the Government improperly argued that he should receive a career offender sentencing enhancement. (Id. at 4.) After careful consideration, Petitioner's motion is **DENIED**.

As an initial matter, motions under Federal Rules of Civil Procedure Rule 60(b) must be brought within one year of the entry of the judgment or order at issue. In this case, the Court denied Petitioner's 28 U.S.C. § 2255 petition on November 4,

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV415-002.

2015. (Doc. 12.) Petitioner's current motion, filed on August 6, 2019, is well beyond the one-year limitations period. (Doc. 19.) Accordingly, Petitioner's motion must be denied as untimely.

Moreover, Petitioner raised this same claim on direct appeal and in a later 28 U.S.C. § 2255 petition. (See Doc. 1 at 1-2, 23-37.) On review, the Eleventh Circuit Court of Appeals found that Petitioner's direct appeal was untimely. (CR412-084, Doc. 48.) On November 4, 2015, this Court also denied Petitioner's § 2255 petition as untimely. (Doc. 12.) In the Court's view, Petitioner's current motion is simply an attempt to circumvent the prior rulings of both the Eleventh Circuit and this Court by attempting to reframe his argument as fraud by the Government. The Eleventh Circuit has been clear, however, that Rule 60(b) motion cannot be "used as a substitute for a proper and timely appeal of the district court's judgment." Goode v. Wild Wing Café, 588 F. App'x 870, 874 (11th Cir. 2014) (citing Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993)). Because Petitioner cannot rely on Rule 60(b) to reassert his claim, Petitioner's motion (Doc. 19) is **DENIED**.

SO ORDERED this **29th** day of August 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA