IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
UNITED STATES OF AMERICA     )
                             )
v.                           )    CASE NO. CR412-084
                             )
CHRISTOPHER MICHAEL BING,    )
                             )
     Defendant.              )
                             )
```

**O R D E R**

Before the Court is Defendant's Motion for Reconsideration (Doc. 93), which the Government has opposed (Doc. 94). For the following reasons, Defendant's motion for reconsideration (Doc. 93) is **DENIED**.

**BACKGROUND**

In July 2012, Defendant pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. (Doc. 21.) Defendant was sentenced to 264 months' imprisonment. (Doc. 30 at 2.) In July 2015, the Court reduced Defendant's sentence to 262 months' imprisonment based upon amendments to the sentencing guidelines. (Doc. 59.) On September 28, 2020, the Court denied Defendant's fourth motion to reduce sentence on alternative grounds. (Doc. 92.) First, the Court determined that Defendant failed to properly exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). (Id. at 7.) Second, the Court found that even if Defendant had exhausted

his administrative remedies, the factors set forth in 18 U.S.C. § 3553(a) weighed against releasing Defendant. (Id. at 8-9.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Coleman Low located in Sumterville, Florida, with a projected release date of December 3, 2030. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on November 24, 2020).

## STANDARD OF REVIEW

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case." United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013). Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases. See United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010). "In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59." United States v. Smith, No. CR115-063, 2020 WL 4368270, at *1 (S.D. Ga. July 30, 2020). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).

## ANALYSIS

Defendant moves for reconsideration of the Court's order denying his fourth motion to reduce sentence on two grounds. (Doc. 93 at 1.) First, Defendant argues that he exhausted his administrative remedies with respect to his medical conditions because he submitted a Reduction in Sentence ("RIS") request to the Warden of FCI Coleman Low on September 28, 2020, which the Warden denied one day later. (Id. at 2.) Second, Defendant contends that the Court's assessment of the factors set forth in 18 U.S.C. § 3553(a) was erroneous because the Court incorrectly stated that Defendant violated his supervised release and because the Court failed to consider the Attorney General's policy statements and Defendant's rehabilitation. (Id. at 3.) The Court will address each of Defendant's arguments in turn.

I.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Before a prisoner can file a motion under 18 U.S.C. § 3582(c), he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In Defendant's fourth motion to reduce sentence, Defendant did not provide any evidence that he had exhausted his administrative remedies with respect to his request for compassionate release based on his medical conditions

3

and the COVID-19 pandemic. (Doc. 88.) In fact, Defendant did not submit an RIS request based on his medical conditions and the COVID-19 pandemic until September 28, 2020, the same day the Court denied Defendant's forth motion to reduce sentence. (Doc. 93 at 2; Doc. 93, Attach. 1 at 1.) The Warden subsequently denied Defendant's RIS request on September 29, 2020. (Doc. 93, Attach. 2 at 1.) Based on the Warden's denial of his September 28 RIS request, Defendant now argues that he has exhausted his administrative remedies and, therefore, the Court should reconsider its dismissal of Defendant's fourth motion to reduce sentence. (Doc. 93 at 2.)

In response, the Government argues that Defendant's September 28 RIS request cannot satisfy § 3582(c)(1)(A)'s exhaustion requirements because he filed his RIS request after his fourth motion to reduce sentence. (Doc. 94 at 2.) The Court agrees with the Government and finds that reconsideration of the Court's dismissal of Defendant's fourth motion to reduce sentence is not warranted.

"The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19." United States v. Manior, NO. 417-cr-060-5, 2020 WL 2842677, at *2 (S.D. Ga. June 1, 2020). "The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely

4

file motions with the Court." Id.; United States v. Valenta, No. 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue."); see also United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020) (affirming the denial of defendant's motion for compassionate release where defendant waited only ten days after the warden received his RIS request to to file his motion). It is undisputed that Defendant did not exhaust his administrative remedies with respect to his medical conditions and COVID-19 before filing his fourth motion to reduce sentence. To allow Defendant to exhaust his administrative remedies after the Court has disposed of his motion would undermine the purpose § 3582(c)(1)(A)'s exhaustion requirements. See United States v. Johnson, No. CR115-038, 2020 WL 4719094, at *1 (S.D. Ga. Aug. 13, 2020) (denying motion for reconsideration where the defendant exhausted his administrative remedies after filing his motion for compassionate release). Accordingly, Defendant's motion is **DENIED** to the extent Defendant seeks reconsideration of the Court's determination that Defendant failed to exhaust his administrative remedies with respect to his medical conditions and COVID-19 at the time he filed his fourth motion to reduce sentence. Although Defendant has provided evidence that he has now exhausted his administrative remedies

with respect to his medical conditions and COVID-19, a motion for reconsideration does not change the deficiency in his prior motion. See United States v. Mollica, No. 2:14-CR-329-KOB, 2020 WL 2811504, at *2 (N.D. Ala. May 29, 2020).

## II. CONSIDERATION OF THE § 3553(A) FACTORS

"[B]y treating [Defendant's] motion as a successive § 3582 motion, the [C]ourt can take into account [Defendant's] assertion that [he] has now exhausted [his] administrative remedies . . . ." Mollica, 2020 WL 2811504, at *2. However, even if the Court were to treat Defendant's motion for reconsideration as a successive § 3582 motion, Defendant's motion would still be denied on the merits because the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against Defendant's release.

As an initial matter, Defendant alleges that, in the Court's prior consideration of the § 3553(a) factors, the Court erred in its factual finding that Defendant's supervised release was twice revoked for failing to comply with the conditions. (Doc. 93 at 3; Doc. 92 at 11.) As highlighted by Defendant, in both cases the United States Probation Officer recommended early termination of Defendant's supervised release. (Doc. 39 at 8-9; Doc. 88, Attach. 5 at 1.) Accordingly, the Court acknowledges that it erred in its description of Defendant's history of supervised release.

The Court's error, however, is harmless in light of the § 3553(a) factors that weigh against releasing Defendant. In the

6

Court's consideration of the § 3553(a) factors, the Court relied on facts aside from Defendant's history of supervised release in determining that the § 3553(a) factors weighed against releasing Defendant. For example, the Court noted that Defendant has ten years remaining on his sentence (Doc. 92 at 11) and releasing Defendant ten years early would not promote respect for the law or reflect the seriousness of his crime. See United States v. Lantigua, NO: 3:16-cr-125-J-32PDB, 2020 WL 5258459, at *2 (M.D. Fla. Sept. 3, 2020) ("In view of all the § 3553(a) factors, releasing Defendant from prison six and a half years early would not be consistent with the statutory purposes of sentencing."); United States v. Nunez, No.: 2:17-CR-87-FtM-38MRM, 2020 WL 5569522, at *1-2 (M.D. Fla. Sept. 17, 2020) (denying motion for reconsideration by defendant serving 87 months for drug conspiracy because "she has served less than half of her sentence," and "releasing Defendant now would not adequately punish her for her conduct or adequately reflect the seriousness of her crime" under § 3553(a)).

The Court also relied on the fact that Defendant has been classified as a career offender and that, since his late 20s, Defendant has made his living principally as a drug dealer. (Doc. 92 at 10.) Additionally, Defendant has two prior felony drug convictions and his current offense involved a significant amount of cocaine and marijuana. See United States v. Brown, No. CR413-

007, 2020 WL 4939117, at *2 (S.D. Ga. Aug. 24, 2020) (determining that the § 3553(a) factors did not support releasing the defendant where defendant had an extensive criminal history, defendant's offense involved approximately 23 kilograms of cocaine hydrochloride, and defendant participated in a large-scale drug conspiracy). Thus, while the Court recognizes that it misstated Defendant's history of supervised release, the additional grounds already considered by the Court support a finding that a reduction in Defendant's sentence is not warranted under the factors set forth in § 3553(a).

In his motion for reconsideration, Defendant also alleges that the Court's analysis of the § 3553(a) factors was inadequate because the Court did "not consider pertinent policy statements from the United States Attorney General concerning compassionate release for non-violent offenders" and because the Court did not consider Defendant's rehabilitation. (Doc. 93 at 3.) While the Court did not make specific findings as to each of Defendant's arguments alleged in his fourth motion to reduce sentence, the Court considered each argument that Defendant made in his motion and the supporting evidence that Defendant provided. See United States v. Thompson, 641 F. App'x 641, 650 (8th Cir. 2016) ("When considering the § 3553(a) factors, a district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court

8

was aware of the relevant factors."). Although Defendant may disagree with how the Court balanced the § 3553(a) factors in denying his motion to reduce sentence, Defendant's disagreement does not, by itself, establish grounds for reconsideration of the Court's decision.

Accordingly, the Court finds no reason to disturb its prior order. Defendant's motion for reconsideration (Doc. 93) is **DENIED** to the extent that it seeks reconsideration of the Court's denial of Defendant's fourth motion to reduce sentence. As a result, even if Defendant had exhausted his administrative remedies, the Court maintains that the § 3553(a) factors weigh against releasing Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration (Doc. 93) is **DENIED**.

SO ORDERED this 1st day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA