IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER MICHAEL BING, )<br>)<br>Defendant. )<br>_____) | CASE NO. CR412-084 |

**O R D E R**

Before the Court is Defendant Christopher Michael Bing's Motion for Reconsideration (Doc. 117), which the Government has opposed (Doc. 118). For the following reasons, Defendant's motion for reconsideration (Doc. 117) is **DENIED**.

**BACKGROUND**

On November 7, 2022, Defendant filed a renewed motion for compassionate release. (Doc. 108.) The Government filed a response in opposition on December 5, 2022. (Doc. 111.) On January 3, 2023, the Court denied Defendant's motion. (Doc. 115.) The Court found that even if Defendant suffered from diabetes, high cholesterol, and high blood pressure, Defendant's vaccination against COVID-19 precluded the argument that his medical conditions qualified as extraordinary and compelling reasons justifying compassionate release. (Id. at 5-6.) In light of the Eleventh Circuit's holding in United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *3 (11th Cir. Sept. 22, 2022), the Court also rejected Defendant's

argument that <u>Concepcion v. United States</u>, 142 S. Ct. 2389, 213 L. Ed. 2d 731 (2022), abrogated the Eleventh Circuit's holding in <u>United States v. Bryant</u>, 996 F.3d 1243, 1248 (11th Cir. 2021). (<u>Id.</u> at 5 n.2.)

The same day the Court entered its order, the Court received Defendant's motion for extension of time to reply, which was dated December 21, 2022. (Doc. 114 at 4.) On January 5, 2023, the Court denied Defendant's request because the Court had already denied Defendant's motion for compassionate release. (Doc. 116 at 2.) The Court was also not required to consider any reply by Defendant because Defendant's request was untimely and he had failed to comply with the Local Rules. (<u>Id.</u> at 2.)

Now, Defendant asks the Court to reconsider its order denying his request for an extension of time and motion for compassionate release. (Doc. 117.) The Government opposes Defendant's request, arguing Defendant had no right file a reply and, even if he did, his argument in reply is unavailing. (Doc. 118 at 3-4.)

**LEGAL STANDARD**

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case . . . ." <u>United States v. Vives</u>, 546 F. App'x 902, 905 (11th Cir. 2013) (per curiam). "Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases." <u>United States v. Bryant</u>, No. CR 497-182, 2020 WL 421186, at *1

2

(S.D. Ga. Jan. 27, 2020) (citing United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)). "In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59." United States v. Saunders, No. CR 609-042, 2022 WL 5200055, at *1 (S.D. Ga. Oct. 5, 2022) (citation omitted). Typically,

> Rule 59(e), which permits a party to move for relief from a judgment, is granted only under limited circumstances. To alter or amend a judgment, the moving party must show either an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.

Whatley v. Upton, No. 3:09-cv-0074-WSD, 2013 WL 12322087, at *2 (N.D. Ga. Oct. 9, 2013) (internal quotation marks omitted) (quoting United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003)).

**ANALYSIS**

I.  MOTION FOR EXTENSION OF TIME

Defendant argues the Court should reconsider its denial of his motion for extension of time because he is pro se, he was unaware of the Local Rule, and, citing to a case from the Middle District of Florida with different local rules, the Court failed to account for the mailing time of the Government's response. (Doc. 117 at 4-5.) In response, the Government argues that Defendant has "has no right to reply." (Doc. 118 at 3 (citing United States v.

3

Ashmeade, No. 21-10770, 2022 WL 306447, at *1 (11th Cir. Feb. 2, 2022)).)

Defendant has not pointed to any intervening change in controlling law or new evidence, so it appears Defendant's motion is based on the need to correct clear error of law or a manifest injustice. Although Defendant is pro se, his unfamiliarity with the local rules is not a sufficient excuse. See Bryant, 2020 WL 421186, at *2 n.1 (explaining that the court "had no obligation" to review a pro se defendant's reply brief because he did not file a notice of intent to file a reply in compliance with the local rules when denying his motion for reconsideration of order denying compassionate release). "[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants," it is well-established that they are required to "conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted); see also United States v. Rowls, No. 20-13708, 2022 WL 577582, at *1 (11th Cir. Feb. 25, 2022) ("A pro se litigant . . . is bound by the local rules like any other litigant." (citation omitted)). More pertinently, as another Court in this District has explained, "[a]lthough Plaintiff is proceeding pro se and pro se filings are liberally construed, liberal construction does not mean liberal deadlines." White v. Santander Consumer USA, Inc., No. CV 120-115, 2021 WL 964278, at *4 (S.D. Ga. Mar. 15, 2021) (internal quotation marks and citations omitted).

4

Additionally, while Defendant's reliance on the local rules of another district court is not persuasive, the Court notes that it credited the fact that Defendant "filed" his motion on December 21, 2022, pursuant to the prison mailbox rule, and his motion was still untimely. (Doc. 116 at 1, 1 n.1.)

Defendant failed to timely notify the Court of his intent to file a reply brief or request an extension of time to file a reply brief. None of Defendant's arguments demonstrate reconsideration is warranted on this issue. Accordingly, the Court sees no reason to disturb its prior order (Doc. 116), and Defendant's motion to reconsider the Court's order denying his motion for extension of time is **DENIED**.

## II. MOTION FOR COMPASSIONATE RELEASE

Defendant argues the Court clearly erred by considering the Government's reliance on a "pre-FSA version of § 1B1.13" when opposing his motion for compassionate release. (Doc. 117 at 6, 8.) Defendant argues he would have raised this issue in his reply had his motion for extension of time been granted. (Id. at 8.) The Government responds that, even if Defendant were entitled to file a reply, his argument does not entitle him to relief. (Doc. 118 at 4.) Specifically, the Government points out that Defendant relies on proposed amendments to the guidelines, which are not binding. (Id. (first citing United States v. Symington, 682 F. App'x 729, 731 (11th Cir. 2017); and then citing 28 U.S.C. § 994(p)).)

5

The Government is correct that Defendant relies on proposed amendments to § 1B1.13. (See Doc. 117 at 7.) Thus, Defendant has also failed to demonstrate reconsideration is warranted on this issue. Defendant's motion to reconsider the Court's order denying his motion for compassionate release (Doc. 115) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration (Doc. 117) is **DENIED**. The Court notes that Defendant represented that the Court's order denying compassionate release was not entered on the docket and he did not receive a copy. (Doc. 117 at 3, 4.) While the Court received no response indicating that Defendant's copy of the order was not delivered, the Government does not oppose Defendant's request for another copy of the Court's order, subject to reserving its defenses on any appeal Defendant may file. (Doc. 118 at 4.) Accordingly, the Clerk of Court is also **DIRECTED** to mail another copy of the Court's order denying Defendant's motion for compassionate release (Doc. 115) along with this order to Defendant.

SO ORDERED this 11th day of April 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA