IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 412-084 |
| | * | |
| CHRISTOPHER MICHAEL BING | * | |

O R D E R

Defendant Christopher Michael Bing has filed another motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), perhaps believing that the result would be different in light of the latest iteration of the applicable Policy Statement, U.S.S.G. § 1B1.13.

To grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to the Policy Statement (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

The amended Policy Statement provides a list of examples of "extraordinary and compelling" reasons to include circumstances related to a defendant's health, age, family circumstances, and abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4). There is also a

catch-all provision, § 1B1.13(b)(5), which vests the district court with discretion to determine if "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Finally, the Policy Statement states that defendants who are serving unusually long sentences may be eligible for compassionate release under § 1B.13(b)(6), providing:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, **a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)** may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).

Through his motion, Defendant argues that he was improperly designated a career offender (thus, his sentence is unusually long) and the Bureau of Prisons' post-COVID pandemic protocols are unduly harsh. The Government's opposition brief details Defendant's prior attempts to have his career offender status set aside. The Court will not repeat this procedural history here. Suffice to say, the matter of Defendant's career offender status has been fully litigated and remains a proper designation. Certainly, Defendant has not identified a change in the law that would change his career offender status. Thus, this extraordinary and compelling circumstance is not met in the case.

2

With respect to his complaints about his living conditions under a post-COVID pandemic regime, Defendant has not satisfied his burden to establish that his individualized living conditions are extraordinary and compelling. That is, other than a conclusory statements in his motion, he has not shown that he is subject to living conditions that warrant early release.

Finally, even if Defendant had shown extraordinary and compelling circumstances, the Court would not grant compassionate release because the sentencing factors of § 3553(a) weigh against his release. More specifically, Defendant's present rehabilitative efforts do not counterbalance his significant criminal history and the serious nature and circumstances of his offense conduct. Also, Defendant still has six years remaining on his sentence. If Defendant was released now, his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.

Upon the foregoing, Defendant Bing's motion to reduce sentence (doc. 130) is hereby **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this 13th day of May, 2024.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```